UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERBERT J. GANNON, JR.,

                                        Plaintiff,

                                                        9:09-CV-1083
v.                                                      (GTS/GHL)

LAWRENCE SEARS,

                                        Defendant.
_____

APPEARANCES:                                    OF COUNSEL:

HERBERT J. GANNON, JR.
Plaintiff *pro se*
P.O. Box 135
20 Towpath Road
White Mills, PA 18473

HON. ANDREW M. CUOMO                            ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York
Counsel for Defendants
The Capitol
Albany, NY 12224

GEORGE H. LOWE, United States Magistrate Judge

## REPORT-RECOMMENDATION and ORDER

        This *pro se* prisoner civil rights action, commenced pursuant to 42 U.S.C. § 1983, has

been referred to me for Report and Recommendation by the Honorable Glenn T. Suddaby,

United States District Judge, pursuant to 28 U.S.C. § 636(b) and Local Rule 72.3(c).  Plaintiff

Herbert J. Gannon, Jr., alleges that Defendant Lawrence Sears violated his constitutional rights

by treating his sentences as consecutive rather than concurrent.  Currently pending before the

Court are Defendant's motion to dismiss for failure to state a claim pursuant to Federal Rule of

Civil Procedure 12(b)(6) (Dkt. No. 14) and Plaintiff's motion for leave to supplement the complaint (Dkt. No. 24).  For the reasons that follow, I recommend that Defendant's motion be granted and order that Plaintiff's motion be denied.

## I.   BACKGROUND

Under New York law, whenever a court sentences a second felony offender who "is subject to an undischarged . . . sentence of imprisonment imposed prior to the date on which the present crime was committed, the court must impose a sentence to run consecutively with respect to such undischarged sentence."  N.Y. Penal Law § 70.25(2-a) (McKinney 2010).

In July 1997, Plaintiff was placed in the custody of the New York State Department of Correctional Services ("DOCS") to serve a sentence for third degree robbery.  DOCS Inmate Population Information Search, http://nysdocslookup.docs.state.ny.us (last visited Oct. 20, 2010).  This was Plaintiff's third robbery conviction: he had previously been convicted and served portions of sentences for third degree robbery and second degree robbery.  *Id*.  Plaintiff was thus a second felony offender with undischarged sentences subject to Penal Law § 70.25(2-a).  N.Y. Penal Law § 70.06 (McKinney 2010).  Plaintiff's 1997 sentence and commitment order were silent as to whether the sentence would be served consecutively to Plaintiff's prior undischarged sentences.  (Dkt. No. 1.)  DOCS officials, however, calculated the sentences as consecutive and set a maximum release date of June 24, 2010.  (Dkt. No. 14-2 at 2.)

On February 28, 2008, the State of New York Supreme Court, Appellate Division, Third Judicial Department ("Third Department") issued a decision holding that where sentencing minutes are silent on the issue, an inmate's prior undischarged sentences must be served *concurrently* with the sentence for the current offense, despite the mandate of Penal Law §

2

70.25(2-a).  (Dkt. No. 1 ¶ 4; *People ex rel. Gill v. Greene*, 852 N.Y.S.2d 457 (N.Y. App. Div. 3d Dept. 2008).)

Plaintiff contends that under the Third Department's holding in *Gill*, he should have been released in August 2004. *Id.* ¶ 6. In July 2008, Plaintiff became aware of the *Gill* decision and petitioned to be released. *Id.* ¶ 8. On January 15, 2009, the St. Lawrence County Supreme Court granted Plaintiff's petition and ordered Plaintiff's release. *Id.* ¶ 11.

On February 12, 2009, the New York Court of Appeals reversed the Third Department's decision in *Gill*. *People ex rel. Gill v. Greene*, 12 N.Y.3d 1 (N.Y. 2009).  As a result, Plaintiff was ultimately returned to DOCS custody.  (Dkt. No. 25.)

On May 13, 2009, Plaintiff filed this action in the United States District Court for the Southern District of New York.  (Dkt. No. 11.)  Plaintiff asserts that Defendant Sears, the superintendent of the facility where Plaintiff was housed at the time of the *Gill* decision, violated Plaintiff's rights under the Fourth, Eighth, and Fourteenth Amendments by detaining him from February 2008 (the date of the Third Department's decision in *Gill*) through January 15, 2009 (the date Plaintiff was ordered released).  (Dkt. No. 1 ¶¶ 12-18.)  Plaintiff requests compensatory damages.  *Id.* at 4.

On September 24, 2009, the case was transferred to this District.  (Dkt. No. 10.) Defendant now moves to dismiss the complaint.  (Dkt. No. 14.)  Plaintiff has opposed the motion (Dkt. No. 21) and also moves to supplement the complaint (Dkt. No. 24).

## II.     LEGAL STANDARD GOVERNING MOTIONS TO DISMISS FOR FAILURE TO STATE A CLAIM

A defendant may move to dismiss a complaint under Federal Rule of Civil Procedure

12(b)(6) on the ground that the complaint fails to state a claim upon which relief can be granted. In order to state a claim upon which relief can be granted, a complaint must contain, *inter alia*, "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). The requirement that a plaintiff "show" that he or she is entitled to relief means that a complaint "must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is *plausible* on its face.'" *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007)) (emphasis added). "Determining whether a complaint states a plausible claim for relief . . . requires the . . . court to draw on its judicial experience and common sense . . . [W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Id.* at 1950 (internal citation and punctuation omitted).

"In reviewing a complaint for dismissal under Rule 12(b)(6), the court must accept the material facts alleged in the complaint as true and construe all reasonable inferences in the plaintiff's favor." *Hernandez v. Coughlin*, 18 F.3d 133, 136 (2d Cir. 1994) (citation omitted). Courts are "obligated to construe a *pro se* complaint liberally." *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009). However, "the tenet that a court must accept as true all of the allegations contained in the complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 129 S. Ct. at 1949.

## III.    MOTION TO DISMISS

Defendant argues that the complaint should be dismissed because (1) it fails to state a claim on the merits; (2) Defendant is entitled to qualified immunity; and (3) it does not

4

sufficiently allege Defendant's personal involvement.  (Dkt. No. 14-1.)  Because I find that the complaint fails to state a claim on the merits, I decline to address Defendant's qualified immunity and personal involvement arguments.

### A.    The Complaint Does Not State a Due Process Claim.

Defendant argues that the complaint fails to state a cause of action because the Third Department's *Gill* decision was reversed by the New York Court of Appeals.  (Dkt. No. 14-1 at 2-3.)  I construe this section of Defendant's brief as arguing that Plaintiff has failed to state a due process claim, although Defendant does not explicitly state it in those terms.  Defendant is correct.

Due process demands that "[o]nly the judgment of a court, as expressed through the sentence imposed by a judge, has the power to constrain a person's liberty."  *Earley v. Murray*, 451 F.3d 71, 75 (2d Cir. 2006) (citing *Hill v. United States ex rel. Wampler*, 298 U.S. 460, 464 (1936)).  Relying on this principle, the Second Circuit held in *Earley* that where the sentencing judge and sentencing documents were silent on the issue, DOCS could not administratively add a five-year term of post-release supervision to a prisoner's sentence even though such a term was mandatory under New York law.  *Earley*, 451 F.3d at 76.

The Third Department cited *Earley* in holding that "DOCS had no authority to calculate . . . sentences consecutively where the [sentencing] court did not do so."  *Gill*, 852 N.Y.S. at 458. In reversing the Third Department, the New York Court of Appeals distinguished *Earley*:

> [T]he analogy Gill draws between consecutive sentencing and [post-release supervision] is flawed.  The problem in . . . *Earley* was that a part of the sentence - the [post-release supervision]- was never imposed.  In [that] case, the court imposed a term of imprisonment and said nothing about [post-release supervision].  That was indeed

an error that only a court could correct. but here, the sentence at issue - a term of imprisonment for 2 ½ to 5 years - was imposed. All that was omitted was the characterization of the sentence as either concurrent or consecutive. That characterization is provided by the statute, Penal Law § 70.25(2-a), which says the sentence must be consecutive. Nothing in the statute and nothing in the Constitution requires the sentencing court to say the word "consecutive," either orally or in writing. Nothing in the statute even requires that the sentencing court be made aware that the prior sentences are undischarged. Unlike the petitioner[] in . . . *Earley*, who [was] told nothing about [post-release supervision] by the court[] that sentenced [him], Gill was told in plain terms that he was being sentenced to 2 ½ to 5 years in prison. He was never given any reason to think that part or all of that sentence would be effectively nullified, by running simultaneously with sentences he had already received.

*Gill*, 12 N.Y.3d at 5-6.

Every district court in the Second Circuit that has considered this issue has agreed that the *Gill* scenario is distinguishable from *Earley* on the same grounds described by the New York Court of Appeals. *Hayes v. Conway,* No. 08-CV-5280, 2010 U.S. Dist. LEXIS 72542, at *52, 2010 WL 2921587, at *18 (E.D.N.Y. Jul. 19, 2010); *Reed v. Cuomo,* No. 08-CV-4875, 2010 U.S. Dist. LEXIS 45488, at *9, 2010 WL 1930215, at *3 n. 4 (E.D.N.Y. May 7, 2010); *Chandler v. Barkley,* No. 09-CV-4648, 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); *Washington v. Goord*, No. 07 Civ. 7150, 2009 U.S. Dist. LEXIS 106066, at *19-21, 2009 WL 3805599, at *6 (S.D.N.Y. Nov. 13, 2009); *Vasquez v. Loiodice*, No. 07 Civ. 7164, 2009 U.S. Dist. LEXIS 74029, at *8-10, 2009 WL 2575775, at *3 (S.D.N.Y. Aug. 20, 2009); *El-Aziz v. LeClair*, No. 07 Civ. 2189, 2008 U.S. Dist. LEXIS 75301, at *11-14, 2008 WL 4443849, at *4 (S.D.N.Y. Sept. 29, 2008).[1]

---

[1]     Defendant provided Plaintiff with copies of *Vasquez* and *El-Aziz.* (Dkt. No. 14-2.) The Court will provide Plaintiff with copies of *Hayes*, *Reed*, *Chandler,* and *Washington* in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

I agree with the analysis in the cases cited in the paragraph above.  Due process demands that only a court may impose a sentence.  *Earley*, 451 F.3d at 75.  A "sentence" is "the punishment imposed on a criminal wrongdoer."  <u>Black's Law Dictionary</u> 1367 (7th ed. 1999).  In *Earley*, DOCS administratively imposed a punishment - five years of post-release supervision - without the knowledge of the criminal defendant, his attorney, or the sentencing court.  *Earley*, 451 F.3d at 73.  Here, a court imposed punishment on Plaintiff for each of his crimes.  Plaintiff was aware of the number of years he would be required to serve for each offense.  Accordingly, due process was satisfied.  Therefore, I recommend that the Court grant Defendant's motion and dismiss Plaintiff's due process claim.

Where a *pro se* complaint fails to state a cause of action, the court *generally* "should not dismiss without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated."  *Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000) (internal quotation and citation omitted).  An opportunity to amend is not required where "the problem with [the plaintiff's] causes of action is substantive" such that "[b]etter pleading will not cure it."  *Cuoco*, 222 F.3d at 112 (citation omitted).  Here, the problem with Plaintiff's due process claim is substantive and better pleading will not cure it.  Therefore, I recommend that the Court dismiss Plaintiff's due process claim with prejudice.

**B.    The Complaint Does Not State An Eighth Amendment Claim.**

Plaintiff asserts that Defendant violated his Eighth Amendment rights.  (Dkt. No. 1 ¶18.) Defendant has not addressed this claim.  I recommend that the Court dismiss Plaintiff's Eighth Amendment claim *sua sponte*.

A sentence violates the Eighth Amendment only in "exceedingly rare" and "extreme"

7

cases, and only then if it is 'grossly disproportionate' to the crime. *Lockyer v. Andrade*, 538 U.S. 63, 72-73 (2003). A sentence of imprisonment that is within the limits of a valid state statute is not cruel and unusual punishment in the constitutional sense. *See White v. Keane*, 969 F.2d 1381, 1383 (2d Cir. 1992). Nothing on the face of the complaint or in any documents of which the Court may take judicial notice indicates that Plaintiff's sentences exceed the limits of New York's Penal Law. Moreover, the complaint does not plausibly suggest that Defendant played any role in determining Plaintiff's sentence. Therefore, I recommend that the Court dismiss Plaintiff's Eighth Amendment claim *sua sponte* with prejudice.

### C.    The Complaint Does Not State a Fourth Amendment Claim.

Plaintiff asserts that Defendant violated his Fourth Amendment rights. (Dkt. No. 1 ¶ 18.) Defendant has not addressed this claim. I recommend that the Court dismiss Plaintiff's Fourth Amendment claim *sua sponte*.

The Fourth Amendment provides that "[t]he right of the people to be secure in their persons . . . against unreasonable searches and seizures [] shall not be violated." U.S. Const. amend IV. Presumably, Plaintiff is claiming that his imprisonment was "unreasonable" because his sentences should have been concurrent rather than consecutive. "The unreasonable seizure of a person in the form of a false . . . imprisonment is violative of the Fourth Amendment and actionable under § 1983." *Garenani v. County of Clinton*, 552 F. Supp. 2d 328, 333 (N.D.N.Y. 2008.) The elements of a § 1983 false imprisonment claim, which are "almost identical" to a false imprisonment claim under New York law, are: (1) the defendant intended to confine the plaintiff; (2) the plaintiff was conscious of the confinement; (3) the plaintiff did not consent to the confinement; and (4) the confinement was not otherwise privileged. *Weyant v. Okst*, 101

F.3d 845, 853 (2d Cir. 1996); *Ferretti v. Town of Greenburgh*, 595 N.Y.S.2d 494, 496-97, 191 A.D.2d 608, 610 (N.Y. App. 2d Div. 1993).

Here, as discussed above, Plaintiff's consecutive sentences are valid under, and indeed mandated by, New York law.  His confinement to a DOCS facility was, therefore, privileged. *See e.g. Dzwonczyk v. Syracuse City Police Dept.*, 710 F. Supp. 2d 248, 264 (N.D.N.Y. 2008) ("The existence of probable cause to arrest . . . is a complete defense for an action for false arrest.").  Therefore, I recommend that the Court dismiss Plaintiff's Fourth Amendment claim *sua sponte* with prejudice.

**IV.   MOTION TO SUPPLEMENT THE COMPLAINT**

Plaintiff moves to supplement this complaint.  (Dkt. No. 24.)  In the proposed supplemental complaint, Plaintiff asserts that the Attorney General's office appealed the decision that resulted in Plaintiff's release without notice to Plaintiff.  (Dkt. No. 25 ¶¶ 17-18.)  On October 8, 2009, in response to the appeal, the Third Department reversed the order releasing Plaintiff. *Id.* ¶ 20.  On January 4, 2010, approximately one year after his release, Plaintiff was returned to DOCS custody.  *Id.* ¶ 22.  His adjusted time computation sheet extended his sentence "by approximately one year."  *Id.* ¶ 23.  Plaintiff moved for resentencing but his application was dismissed.  *Id.* ¶ 25.

In the proposed supplemental complaint, Plaintiff once again claims that "[i]n continuing to hold and detain plaintiff after it was clearly established that his sentence had already been served, defendant violated plaintiff's rights under the Four, Six, Eig[h]th and Fourteenth Amendments to the United States Constitution."  *Id.* ¶ 28.

Plaintiff's proposed supplemental complaint is futile.  As discussed above, Plaintiff's

sentence had not "already been served" when he was released in January 2009.  Rather, he had served his sentence for the 1997 third degree robbery but still needed to serve the undischarged portions of his previous sentences.  Moreover, Plaintiff has not alleged any facts plausibly suggesting that Defendant was personally involved in either the failure to serve Plaintiff with the appeal documents or the computation of his sentence.  Therefore, I deny Plaintiff's motion to supplement the complaint.

**ACCORDINGLY**, it is

**RECOMMENDED** that Defendant's motion to dismiss for failure to state a claim (Dkt. No. 14) be **GRANTED** with prejudice; and it is further

**ORDERED** that Plaintiff's motion to supplement the complaint (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that the Clerk provide Plaintiff with copies of *Hayes v. Conway,* No. 08-CV-5280, 2010 U.S. Dist. LEXIS 72542, 2010 WL 2921587 (E.D.N.Y. Jul. 19, 2010); *Reed v. Cuomo,* No. 08-CV-4875, 2010 U.S. Dist. LEXIS 45488, 2010 WL 1930215 (E.D.N.Y. May 7, 2010); *Chandler v. Barkley,* No. 09-CV-4648, 2010 U.S. Dist. LEXIS 43087, 2010 WL 1780011 (E.D.N.Y. May 3, 2010); and *Washington v. Goord*, No. 07 Civ. 7150, 2009 U.S. Dist. LEXIS 106066, 2009 WL 3805599 (S.D.N.Y. Nov. 13, 2009) in accordance with the Second Circuit's decision in *LeBron v. Sanders*, 557 F.3d 76 (2d Cir. 2009).

Pursuant to 28 U.S.C. § 636(b)(1), the parties have fourteen days within which to file written objections to the foregoing report.  Such objections shall be filed with the Clerk of the Court.  **FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**.  *Roldan v. Racette*, 984 F.2d 85 (2d Cir. 1993) (citing

*Small v. Secretary of Health and Human Services*, 892 F.2d 15 (2d Cir. 1989)); 28 U.S.C. §

636(b)(1); Fed. R. Civ. P. 72, 6(a).


Dated: November 15, 2010
      Syracuse, New York

                                    George H. Lowe
                                United States Magistrate Judge

11