UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

HERBERT J. GANNON, JR.,

            Plaintiff,

v.                                                                                          9:09-CV-1083
                                                                                             (GTS/GHL)

LAWRENCE SEARS, Superintendent of
Ogdensburg Correctional Facility,

            Defendant,
_____

APPEARANCES:                                               OF COUNSEL:

HERBERT J. GANNON, JR., 97-A-4776
  Plaintiff, *Pro Se*
Marcy Correctional Facility
P.O. Box 3600
Marcy, NY 13403

HON. ERIC T. SCHNEIDERMAN                     ADRIENNE J. KERWIN, ESQ.
Attorney General for the State of New York         Assistant Attorney General
  Counsel for Defendant
The Capitol
Albany, NY 12224

HON. GLENN T. SUDDABY, United States District Judge

## DECISION and ORDER

      Currently before the Court in this *pro se* prisoner civil rights action filed by Herbert J. Gannon, Jr. ("Plaintiff") are the following: (1) a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6), filed by Lawrence Sears ("Defendant") (Dkt. No. 14); (2) Plaintiff's motion to supplement his Complaint (Dkt. No. 24); (3) United States Magistrate Judge George H. Lowe's Report-Recommendation, recommending that Defendant's motion to dismiss be granted, and Plaintiff's motion to supplement his

Complaint be denied (Dkt. No. 29); and (4) Plaintiff's Objections to that Report-Recommendation (Dkt. Nos. 30).  For the reasons set forth below, the Report-Recommendation is accepted and adopted in its entirety; Defendant's motion is granted; Plaintiff's motion is denied; and Plaintiff's Complaint (Dkt. No. 1) is dismissed.

## I.    RELEVANT BACKGROUND

### A.    Plaintiff's Claims

Generally, construed with the utmost of liberality, Plaintiff's Complaint alleges that, while he was incarcerated at Ogdensburg Correctional Facility in 2008, Defendant violated his constitutional rights by treating his underlying criminal sentences as consecutive rather than concurrent, and failing to timely release him from custody.  (Dkt. No. 1.)  More specifically, Plaintiff alleges that, in February 2008, a decision was issued by the New York State Appellate Division in *People ex rel. Gill v. Greene*, 852 N.Y.S.2d 457 (N.Y. App. Div., 3d Dept. 2008), *rev'd*, 12 N.Y.3d 1 (N.Y. 2009), holding that, where sentencing minutes are silent on the issue, an inmate's prior undischarged sentences must be served *concurrently* with the sentence for the current offense.  (*Id*.)  Plaintiff further alleges that, despite the Appellate Division's decision in *Gill* (and despite the fact that he filed an order to show cause in July 2008 with the New York State Appellate Division and a petition for release with Saint Lawrence County Supreme Court in September 2008), Defendant denied him release from custody until January 15, 2009.  (Dkt. No. 1, Part III.)  Based on these factual allegations, Plaintiff claims that Defendant violated his constitutional rights under the Fourth, Eighth, and Fourteenth Amendments.  (*Id*.)

For a more detailed recitation of the factual allegations giving rise to Plaintiff's claims, the Court refers the reader to the Complaint in its entirety, and to Magistrate Judge Lowe's thorough Report-Recommendation, which accurately summarizes that Complaint. (*See generally* Dkt. Nos. 1, 29.)

### B. Relevant Procedural History

On November 13, 2009, Defendant filed his motion to dismiss Plaintiff's Complaint for failure to state a claim. (Dkt. No. 14.) In support of his motion, Defendant argues that Plaintiff's Complaint must be dismissed because (1) Plaintiff has failed to allege facts plausibly suggesting a claim under the Fourth, Eighth or Fourteenth Amendments; (2) Defendant is protected from liability as a matter of law by the doctrine of qualified immunity; and (3) Plaintiff has failed to allege facts plausibly suggesting Defendant's personal involvement in any of the alleged constitutional violations. (Dkt. No. 14, Attach. 1.)

On April 5, 2010, Plaintiff submitted a memorandum of law in opposition to Defendant's motion to dismiss. (Dkt. No. 21.) In that memorandum of law, Plaintiff "request[d] permission to file late opposition in response [sic], based upon the grounds that retained counsel . . . may not have responded to [the] motion to dismiss, at least it waiting for sentencing court [sic] to hear an application with return date for April 8, 2010." (*See generally* Dkt. No. 21.) Plaintiff further argued that a sentence of time-served is appropriate for him under the circumstances. (*Id*.)

On April 15, 2010, Plaintiff filed a motion to supplement his Complaint. (Dkt. No. 24.) In support of his motion, Plaintiff argues that neither he nor his counsel received notice of the New York State Appellate Division's decision that Plaintiff's underlying petition was reversed and dismissed. (Dkt. No. 24, Affirmation.) On April 26, 2010, Plaintiff filed a supplemental

3

affidavit in support of his motion to supplement his complaint, and attached a corrected version of his proposed Supplemental Complaint.  (Dkt. No. 25.)  In his proposed Supplemental Complaint, Plaintiff asserts, among other things, an additional cause of action, arising under the Sixth Amendment, apparently based on Defendant's failure to provide him with notice of an appeal from a New York State order.  (Dkt. No. 25, at 8.)

On June 30, 2010, Defendant filed a response in opposition to Plaintiff's motion to supplement his Complaint.  (Dkt. No. 27.)  In his response, Defendant argues that, because Plaintiff's proposed Supplemental Complaint fails to allege any actionable constitutional violations against Defendant, Plaintiff's motion to supplement his Complaint should be denied as futile.  (Dkt. No. 27, at 2-3.)

On November 15, 2010, Magistrate Judge Lowe issued a Report-Recommendation recommending that Plaintiff's Complaint be dismissed in its entirety because (1) the Complaint does not state a Fourteenth Amendment due process claim, (2) the Complaint does not state an Eighth Amendment cruel-and-unusual-punishment claim, and (3) the Complaint does not state a Fourth Amendment unlawful-seizure claim.  (*See generally* Dkt. No. 29.)  Familiarity with the particular grounds of Magistrate Judge Lowe's Report-Recommendation is assumed in this Decision and Order, which is intended primarily for the review of the parties.

On November 29, 2010, Plaintiff submitted his objections to the Report-Recommendation.  (Dkt. No. 30.)  In his objections, in addition to reiterating previously advanced arguments, Plaintiff argues as follows: (1) denying his motion to supplement his Complaint violates his due process rights; and (2) dismissal of his claims on qualified immunity grounds was improper.  (Dkt. No. 30.)

## II.      APPLICABLE LEGAL STANDARDS

### A.      Standard of Review Governing a Report-Recommendation

When specific objections are made to a magistrate judge's report-recommendation, the Court makes a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." *See* 28 U.S.C. § 636(b)(1)(C).[1] When only general objections are made to a magistrate judge's report-recommendation, or where the objecting party merely reiterates the same arguments taken in its original papers submitted to the magistrate judge, the Court reviews the report-recommendation for clear error or manifest injustice. *See Brown v. Peters*, 95-CV-1641, 1997 WL 599355, at *2-3 (N.D.N.Y. Sept. 22, 1997) (Pooler, J.) [collecting cases], *aff'd without opinion*, 175 F.3d 1007 (2d Cir. 1999).[2] Similarly, when a party makes no objection to a portion of a report-recommendation, the Court reviews that portion for clear error or manifest injustice. *See Batista v. Walker*, 94-CV-2826,

---

[1] On de novo review, "[t]he judge may . . . receive further evidence. . . ." 28 U.S.C. § 636(b)(1)(C). However, a district court will ordinarily refuse to consider evidentiary material that could have been, but was not, presented to the Magistrate Judge in the first instance. *See, e.g., Paddington Partners v. Bouchard*, 34 F.3d 1132, 1137-38 (2d Cir. 1994) ("In objecting to a magistrate's report before the district court, a party has no right to present further testimony when it offers no justification for not offering the testimony at the hearing before the magistrate.") [internal quotation marks and citations omitted]; *Pan Am. World Airways, Inc. v. Int'l Bhd. of Teamsters*, 894 F.2d 36, 40, n.3 (2d Cir. 1990) (district court did not abuse its discretion in denying plaintiff's request to present additional testimony where plaintiff "offered no justification for not offering the testimony at the hearing before the magistrate").

[2] *See also Camardo v. Gen. Motors Hourly-Rate Employees Pension Plan*, 806 F. Supp. 380, 382 (W.D.N.Y. 1992) (explaining that court need not consider objections that merely constitute a "rehashing" of the same arguments and positions taken in original papers submitted to the magistrate judge); *accord, Praileau v. Cnty. of Schenectady*, 09-CV-0924, 2010 WL 3761902, at *1, n.1 (N.D.N.Y. Sept. 20, 2010) (McAvoy, J.); *Hickman ex rel. M.A.H. v. Astrue*, 07-CV-1077, 2010 WL 2985968, at *3 & n.3 (N.D.N.Y. July 27, 2010) (Mordue, C.J.); *Almonte v. N.Y.S. Div. of Parole*, 04-CV-0484, 2006 WL 149049, at *4 (N.D.N.Y. Jan. 18, 2006) (Sharpe, J.).

1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) [citations omitted]; Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition [citations omitted]. After conducting the appropriate review, the Court may "accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C).

      B.      **Standard Governing a Motion to Dismiss**

Magistrate Judge Lowe correctly recited the legal standard governing a motion to dismiss for failure to state a claim upon which relief may be granted, pursuant to Fed. R. Civ. P. 12(b)(6). As a result, that standard is incorporated by reference in this Decision and Order.

**III.    ANALYSIS**

As an initial matter, the Court concludes that Plaintiff's first objection (i.e., that Defendant violated his constitutional rights by not releasing him after the Appellate Division issued its decision in *Gill*) is simply a reiteration of arguments previously asserted by Plaintiff, and rejected by Magistrate Judge Lowe. As a result, the Court reviews this objection only for clear error, and finds none. Magistrate Judge Lowe employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. The Court would only add that Magistrate Judge Lowe's Report-Recommendation regarding this issue would survive even a *de novo* review.[3]

With regard to Plaintiff second objection (i.e., that denying his motion to supplement his Complaint violates his due process rights), a motion to supplement a complaint, brought pursuant to Fed. R. Civ. P. 15(d), may properly be denied based on futility. *See, e.g., Farid v.*

---

        [3]        The Court notes that, before filing his Complaint in this action, Plaintiff was not without experience crafting civil rights claims in federal court. *See, e.g., Gannon v. Village of Spring Valley Police Dept*, 90-CV-5466, Complaint (S.D.N.Y. filed Aug. 22, 1990); *Gannon v. Grant*, 91-CV-3557, Complaint (S.D.N.Y. filed May 28, 1991); *Gannon v. Fishkill Prison Med. Staff*, 95-CV-1087, Complaint (S.D.N.Y. filed Feb. 16, 1995).

*Bouey*, 554 F. Supp.2d 301, 308 (N.D.N.Y. 2008) (Sharpe, J.). Here, the Court agrees with Magistrate Judge Lowe that it would be futile to allow Plaintiff to supplement his Complaint because (1) Plaintiff's sentence had not "already been served" when he was released in January 2009, and (2) the proposed supplemental factual allegations do not plausibly suggest personal involvement by Defendant in the constitutional violations alleged. For example, while the proposed Supplemental Complaint appears to assert an additional claim based on Plaintiff's non-receipt of notice of an appeal from a New York State order (as a result of the documents being sent by Defendant's attorney and the court to wrong addresses), Plaintiff has not alleged any facts plausibly suggesting that Defendant was personally involved in the failure to serve him with the appeal documents. Furthermore, even assuming that Defendant was somehow aware that the documents were sent to the wrong address, Plaintiff has failed to allege facts plausibly suggesting that Defendant *intentionally* interfered with his mail, which caused him to suffer an actual injury. *See Mitchell v. City of New York*, 09-CV-3623, 2010 WL 3734098, at *7 (S.D.N.Y. Sept. 23, 2010) ("The fact that one piece of Mitchell's mail was not forwarded to his new address does not constitute tampering with the mails, nor does it violate Plaintiff's First Amendment rights.").[4] Simply put, the proposed Supplemental Complaint fails to allege facts plausibly suggesting that Defendant violated Plaintiff's constitutional rights.

     Finally, with regard to Plaintiff's third objection (i.e., dismissal on qualified immunity grounds was improper), the Court finds that, contrary to Plaintiff's argument, Magistrate Judge

---

[4] *See also Walker v. Snyder*, 05-CV-1372, 2007 WL 2454194, at *6-8 (N.D.N.Y. Aug. 23, 2007) (Report-Recommendation by DiBianco, M.J., adopted by Sharpe, J.) (rejecting argument that actual injury results from mail sent to incorrect address); *Higgs v. Carver*, 99-CV-0148, 2000 U.S. Dist. LEXIS 18930, at *36-37 (S.D. Ind. Dec. 15, 2000) (finding that allegation that three letters were not forwarded to detainee plaintiff when he was housed at a diagnostic center does not state a cause of action under the First Amendment), *aff'd in part, vacated in part on other grounds*, 286 F.3d 437 (7th Cir. 2002).

Lowe did not base any part of his recommendation that Plaintiff's claims be dismissed on the grounds of qualified immunity. (Dkt. No. 29, at 5 ["Because I find that the complaint fails to state a claim on the merits, I decline to address Defendant's qualified immunity and personal involvement arguments."].)

For these reasons, Magistrate Judge Lowe's Report-Recommendation is accepted and adopted in its entirety, and Plaintiff's Complaint is dismissed.

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Lowe's Report-Recommendation (Dkt. No. 29) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion to dismiss (Dkt. No. 14) is **GRANTED**; and it is further

**ORDERED** that Plaintiff's motion to supplement his Complaint (Dkt. No. 24) is **DENIED**; and it is further

**ORDERED** that Plaintiff's Complaint is **DISMISSED**. The clerk is directed to enter judgment in favor of the defendant.

Dated: February 9, 2011
       Syracuse, New York

Hon. Glenn T. Suddaby
U.S. District Judge